IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **KIMBERLY M. PENDLETON** | : | CHAPTER 13 |
| | : | |
| Debtor | : | BANKRUPTCY NO. 17-12052-sr |

CHAPTER 13 PLAN OF THE DEBTOR

1. **PLAN PROVISIONS DISCHARGE:**

    The Debtor will seek a discharge of debts pursuant to Section 1328(a).  Upon completion of this or any other duly confirmed plan, all debts listed in the Debtor's Schedules, claims evidenced by filed proofs of claim in this case that are dischargeable under Chapter 13 of the Bankruptcy Code or debts that subsequently come to Debtor's attention that are duly noticed and added hereto prior to the closing of this case, shall be discharged.

2. **PLAN FUNDING AND LENGTH OF PLAN:**

    A.  Payments by the Debtor will be made in the amount of $850.00 per month for sixty (60) months of the Plan during the period from April, 2017, through March, 2022.

    B.  The total base amount to be paid through the Plan shall be $51,000.00, or such other amount as may become necessary to fund the Plan as a result of the Court's determination of claims filed by any of the Debtor's creditors.

    C.  Upon Court approval of any motion to modify plan after confirmation, the Debtor may alter the amount and timing of payments under this Plan.

3. **SECURED CLAIMS:**

    A.  <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made directly to the following creditors outside the Plan according to the original contract terms, with no modification of contract terms and with liens retained, except that the Debtor may apply for a modification of her first mortgage loan with Eastern Savings Bank, F.S.B.

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| Eastern Savings Bank, FSB | 1875 Conlyn Street, Philadelphia PA  19141 |

B. <u>Arrears to be Cured</u>. The Debtor will cure the following arrears through the Plan payments specified in Section 2 of the Plan:

| Name of Creditor | Description of Collateral | Prepetition Arrears to be Cured Through Remittances to the Trustee |
|---|---|---|
| Eastern Savings Bank, FSB | 1875 Conlyn Street, Philadelphia PA  19141 | $16,652.47, or as allowed by the Court |
| Pennsylvania Housing Finance Agency | 1875 Conlyn Street, Philadelphia PA  19141 | $0, or as allowed by the Court |
| City of Philadelphia | 1875 Conlyn Street, Philadelphia PA  19141 | $0, or as allowed by the Court |

C. <u>Secured Claims Paid According to Modified Terms.</u>  These amounts will be paid in the Plan according to modified terms, and liens retained until entry of discharge.  The excess of any creditor's claim not provided for under this section will be treated as a general unsecured claim.  Any claim listed as "$0.00" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  A motion or adversary action, as appropriate will be filed pursuant to 11 U.S.C. §506 to determine the extent, validity, and/or priority of the lien.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion/ Adversary |
|---|---|---|---|---|---|
| Ally Financial, Inc. | 2008 Saturn Outlook XR | $7,968.00 | 4.25% | $8,858.61 | Motion to Value |
| Pennsylvania Housing Finance Agency | 1875 Conlyn Street, Philadelphia PA  19141 | $0, or as allowed by the Court | TBD | $0, or as allowed by the Court | Adversary |

D. <u>Surrender of Collateral.</u> These secured claims will be satisfied upon the Debtor[s] surrendering the collateral to the creditor.

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |

A. <u>Lien Avoidance</u>. The Debtor will move to avoid the liens of the following creditors pursuant to 11 U.S.C. §522(f).  Once these liens are avoided, any creditor's claim will be treated as a general unsecured claim.

| Name of Creditor | Description of Collateral |
|---|---|
| N/A | |

4. **PRIORITY CLAIMS:**

   A. Allowed unsecured claims entitled to priority under 11 U.S.C. §507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to 11 U.S.C. § 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| Internal Revenue Service | $0 (disputed) |

   B. <u>Administrative Claims</u>:
   1. Trustee compensation. Compensation payable to the Chapter 13 Standing Trustee will be paid at the rate fixed by the United States Trustee, currently 9%, but not to exceed 10%.
   2. Attorney Fees. $2,700.00 under a flat rate agreement. If additional charges not covered by the flat rate agreement for basic Chapter 13 legal representation services are incurred, the Debtor may modify her Plan to provide for any such additional charges.

5. **GENERAL UNSECURED CLAIMS**:

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| N/A | | | | |

   B. <u>Claims of General Unsecured Creditors.</u> The Debtor calculates that a minimum of $0.00 must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the Debtor calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

6. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The Debtor has no executory contracts or unexpired leases to assume or reject.

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume / Reject |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

7. **OTHER PLAN PROVISIONS:**

   A. The automatic stay shall remain in effect after confirmation unless modified by Order of the Court.

    B.    Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    C.    Upon completion of this or any other duly confirmed plan, as amended, all claims of creditors listed in the Debtor's Schedules shall be discharged, all claimed arrears owed to Eastern Savings Bank, FSB, any real party in interest, and/or any successor in interest (collectively "Mortgagee"), pursuant to the first mortgage on the Debtor's home at 1875 Conlyn Street, Philadelphia PA 19141, will be cured, and any post-petition fees or costs incurred by Mortgagee that are noticed in the manner prescribed by Bankruptcy Rule 3002.1 and ultimately allowed by the Court or agreed between the parties will be paid directly to Mortgagee, constituting a cure pursuant to 11 U.S.C. §1322(b)(5) and 41 P.S. § 404(c), making only the regular mortgage payments due to Mortgagee after discharge.

**8.    CLASSIFICATION OF CLAIMS AND ORDER OF DISTRIBUTION:**

    A.    The various claims of the Debtor's creditors are classified in this Plan as follows:

        1.    <u>Class 1</u>:    Administrative Claims. These claims shall include the Trustee compensation, Debtor's attorney fees listed in Section 4(B) of the Plan, and the Administrative Priority claim for post-petition mortgage payments by Eastern Savings Bank, FSB.

        2.    <u>Class 2</u>:    Priority Claims. These claims shall include the claims listed in Section 4(A) of the Plan.

        3.    <u>Class 3</u>:    Secured Claims. These claims shall include the Prepetition Arrears to be cured through remittances to the Trustee in Section 3(B) of the Plan and any other claims set forth in Section 3 of the Plan.

        4.    <u>Class 4</u>:    All other claims that are timely filed and allowed.

        5.    <u>Class 5</u>:    All other claims that are not timely filed or are not allowed.

    B.    Payments made to the Trustee under the Plan will be disbursed by the Trustee first to Class 1 claimants, second to Class 2 claimants pro rata, third to Class 3 claimants pro rata, and fourth to Class 4 claimants pro rata. Class 5 claimants will not receive any disbursements under the Plan.

**9.    REVESTING OF PROPERTY.**

Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will re-vest in the Debtor upon

confirmation, and the Debtor shall have the sole right to the use and possession of same throughout the case.

Dated: _____    _____
                                                                                    Kimberly M. Pendleton, Debtor